IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARRELL W. ROBERSON,<br><br>Plaintiff,<br><br>vs.<br><br>MARK RECKTENWALD, et al.,<br><br>Defendants. | CIVIL NO. 22-00186 JAO-WRP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

On August 30, 2022, the Court issued an Order Granting Defendants' Motions to Dismiss ("Order").  ECF No. 42; *see Roberson v. Recktenwald*, CIVIL NO. 22-00186 JAO-WRP, 2022 WL 3786828 (D. Haw. Aug. 30, 2022).  Judgment entered the same day.  ECF No. 43.

On September 13, 2022, Plaintiff Darrell Roberson ("Plaintiff") filed a Motion for Reconsideration of the Order.  ECF No. 44.  Without citing a legal basis for the Motion, Plaintiff argues that the Court failed to address Defendants' unconstitutional actions.  *Id.*  Under any standard, Plaintiff is not entitled to relief.

A motion for reconsideration under Federal Rule of Civil Procedure ("FRCP") 59(e) should not be granted, "absent highly unusual circumstances, unless the district court":  (1) "is presented with newly discovered evidence"; (2) has "committed clear error"; or (3) "if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  FRCP 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  FRCP 59(e) motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  Indeed "[a] district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration." *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999).

FRCP 60(b)(6) provides relief from final judgments, orders, or proceedings for any reason justifying relief.  Rule 60 reconsideration is generally appropriate in three instances:  (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Sierra Club, Haw. Chapter v. City & County of Honolulu*,

486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("The Ninth Circuit has recognized that Rule 60(b) may be used to reconsider legal issues and to reconsider the court's own mistake or inadvertence.").

The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." *Jacob v. United States*, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing *Decker Coal Co. v. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted). Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988)); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 890).

Here, Plaintiff clearly misapprehends the Order and the governing law. But that is not a basis for reconsideration. Moreover, although Plaintiff had ample opportunity to challenge the assertions of immunity raised in the underlying

3

motions to dismiss, he failed to do so.  And even if the Court considered his belated arguments — which are incorrect in any event — the disposition of the case would not differ.  Other than his personal disagreement with the Order, Plaintiff offers no arguments demonstrating that he is entitled to reconsideration.  Accordingly, Plaintiff's Motion for Reconsideration is DENIED.  ECF No. 44.

    IT IS SO ORDERED.

    DATED:    Honolulu, Hawai'i, September 14, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00186 JAO-WRP, *Roberson v. Recktenwald, et al.*; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS